12 F.3d 212
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wayne KING, Petitioner-Appellant,
v.
Anthony BRIGANO, Respondent-Appellee.
 No. 93-3260.
 United States Court of Appeals, Sixth Circuit.
 Nov. 23, 1993.
 
 N.D.Ohio, No. 92-00106; Dowd, J.
 N.D.Ohio
 AFFIRMED.
 Before: KENNEDY, MILBURN and GUY, Circuit Judges.
 
 ORDER
 
 1
 Wayne King, a pro se Ohio prisoner, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1988, King was convicted by a jury of felonious assault, with a firearm specification. King was sentenced to serve 8 to 15 years of imprisonment for the felonious assault and 3 years of imprisonment on the gun specification. The Ohio Court of Appeals affirmed the judgment of the trial court, and the Ohio Supreme Court overruled King's motion for leave to appeal.
 
 
 3
 In 1990, after various state court proceedings, King filed a fourth post-conviction motion for relief raising four issues. First, King claimed he was denied effective assistance of trial and appellate counsel. Second, King alleged that his felonious assault conviction was the result of perjured testimony, in violation of his due process rights. Third, King alleged that his conviction on the gun specification was the result of perjured testimony, in violation of his due process rights. Fourth, King alleged that prosecutorial misconduct violated his due process rights. The trial court granted the respondent's motion to dismiss the petition on the grounds that it was barred under the doctrine of res judicata, and the Ohio Court of Appeals affirmed the trial court's judgment.
 
 
 4
 King then filed his first petition for a writ of habeas corpus in the district court. A magistrate judge issued a report recommending that it be dismissed. King then moved to dismiss his petition without prejudice, arguing that he had not exhausted his state court remedies since he had not yet appealed the denial of his fourth post-conviction motion to the Ohio Supreme Court. The motion was granted. In the Ohio Supreme Court, King's motion for an order directing the Court of Appeals to certify its record was overruled.
 
 
 5
 King then filed the present petition for a writ of habeas corpus, raising the same claims that he raised in his fourth post-conviction motion for relief. The district court denied King's petition based upon King's procedural default in the state court. Upon de novo review, we affirm the judgment of the district court.
 
 
 6
 A state's adequate and independent finding of procedural default bars habeas review of the federal claim unless the petitioner can show "cause" for the default and "prejudice" resulting from the default, or demonstrate that a failure to review the federal claim will result in a fundamental miscarriage of justice. Harris v. Reed, 489 U.S. 255, 262 (1989). Because the Ohio court's denial of King's fourth post-conviction motion was based upon an adequate and independent finding of procedural default, King bore the burden to demonstrate cause and prejudice or a miscarriage of justice. Neither in the district court nor on appeal does King address the cause and prejudice issue or the miscarriage of justice issue. Therefore, his petition was appropriately denied. Moreover, we are satisfied that a failure to review King's federal claims will not result in a fundamental miscarriage of justice.
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.